

# FOLEY ▲ BARON
# METZGER
# JUIP

ATTORNEYS

July 26, 2013

Brent Welke
Welke Law Firm
P.O. Box 55058
Indianapolis, IN 46205

    Re:    **Harbison v. Tanner, et al.**
            **Case No. 1:12-cv-1623**

Dear Mr. Welke:

Enclosed please find the following documents regarding the above-captioned matter:

1. Defendant Richard Tanner's Responses to Plaintiff's First Requests for Admissions with Alternate Interrogatory;
2. Defendant Corizon, Inc. f/k/a Correctional Medical Services, Inc.'s Responses to Plaintiff's Requests for Admissions with Alternate Interrogatory;
3. Proof of Service stamps

Should you have any questions or concerns regarding this matter, please do not hesitate to contact me.

Very truly yours,

FOLEY, BARON, METZGER & JUIP, PLLC

*[signature]*

Anthony D. Pignotti

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GRETCHEN HARBISON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RICHARD TANNER, ET AL., )<br>)<br>Defendants. ) | Cause No. 1:12-cv-0-1623-WTL-MJD |

| | |
|---|---|
| Brent Welke<br>Welke Law Firm<br>P.O. Box 55058<br>Indianapolis, IN 46205 | Randall A. Juip (MI – P58538)<br>Anthony D. Pignotti (#30803-76)<br>Foley, Baron, Metzger & Juip, PLLC<br>Attorneys for Defendants, Corizon, Inc. f/k/a<br>Correctional Medical Services, Inc. and<br>Richard Tanner, M.D.<br>38777 Six Mile Road, Suite 300<br>Livonia, MI 48152<br>(734) 742-1800 / Fax (734) 52-2379 |

## DEFENDANT CORIZON, INC. F/K/A CORRECTIONAL MEDICAL SERVICES, INC.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS WITH ALTERNATE INTERROGATORY

NOW COMES the Defendant, CORIZON, INC. f/k/a CORRECTIONAL MEDICAL SERVICES, INC., by and through its attorneys, FOLEY, BARON, METZGER & JUIP, PLLC, and for its Responses to Plaintiff's First Requests for Admissions with Alternate Interrogatory, states as follows:

### REQUESTS FOR ADMISSIONS

1. Admit that at all pertinent times herein Defendant Tanner was an employee of Corizon, Inc f/k/a Correctional Medical Services.

RESPONSE:

> Defendant objects to this request on the grounds that "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Please specify the date range to which this request pertains.

2. Admit that at all pertinent times herein a contract existed between Corizon, Inc. f/k/a Correctional Medical Services and the Indiana Department of Corrections.

RESPONSE:

> Defendant objects to this request on the grounds that "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Please specify the date range to which this request pertains.

3. Admit that at all pertinent times herein Defendant Tanner was the immediate supervisor of the health care staff at the Indiana Women's Prison.

RESPONSE:

> Defendant objects to this request on the grounds that "health care staff" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant also objects to this request on the grounds that it does not specify a date to which the requested admission pertains. Please specify the individual health care staff members to whom this request pertains and also provide a date to which this request pertains.

4. Admit that at all pertinent times herein Defendant Tanner reported to the Health Services Administrator (HAS) and the Regional Medical Director (RMD).

RESPONSE:

> Defendant objects to this request on the grounds that "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant also objects to this

request on the grounds that the term "reported" is vague and ambiguous and Defendant is not certain what Plaintiff means by the term "reported." Please specify the date range to which this request pertains and clarify what is meant by the term "reported."

5. Admit that Defendant Corizon is accredited with the American Correctional Association (ACA) and National Commission on Correctional Health Care (NCCHC).

**RESPONSE:**

Defendant objects to this request on the grounds that the request does not specify the venue to which the request pertains. Defendant further objects to this request on the grounds that the information being sought is irrelevant under Federal Rule of Civil Procedure 26, as the claims asserted in the present action relate to alleged actions or omissions that occurred in the past and do not relate to the manner in which Corizon currently operates.

6. Admit that at all pertinent times herein Defendant Corizon followed the ACA and NCCHC guidelines and policies, as well as the Indiana Department of Correction policies.

**RESPONSE:**

Defendant objects to this request on the grounds that the "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant further objects to this request on the grounds that "followed" is vague and ambiguous and Defendant is not certain what information is being requested in this request. Defendant further objects to this request on the grounds that "ACA and NCCHC guidelines and policies," as well as "Indiana Department of Correction policies" are vague and ambiguous and the request does not specify the specific guidelines and/or policies to which the request pertains. Given the above objections, Defendant further objects to this request on the grounds that the request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it does not specify which guidelines or policies are being referenced and does not specify the instance in which the request seeks an admission that CMS "followed" them.

7. Admit that Defendant Corizon has a contract with the Indiana Women's Prison (IWP).

RESPONSE:

Defendant objects to this request on the grounds that the information being sought is irrelevant under Federal Rule of Civil Procedure 26, as the claims asserted in the present action relate to alleged actions or omissions that occurred in the past and do not relate to the manner in which Corizon currently operates.

8. Admit that the Health Services Administrator (HSA) is responsible for the overall management and healthcare services within the facility.

RESPONSE:

Defendant objects to this request on the grounds that the information being sought is irrelevant under Federal Rule of Civil Procedure 26, as the claims asserted in the present action relate to alleged actions or omissions that occurred in the past and do not relate to the manner in which Corizon and/or its employees and/or independent currently operate. Defendant further objects to this request on the grounds that "responsible" is vague and ambiguous and Defendant is uncertain what information is being requested. Defendant further objects on the grounds that "overall management" and "healthcare services" is vague and ambiguous and Defendant is uncertain what information is being requested. Please reframe this request, specifying specific dates, and also clarify what is meant by "responsible." Please also clarify what is meant by "overall management" and "healthcare services" as required by Federal Rule of Civil Procedure 36(a)(2).

9. Admit that the HSA is responsible for the medical staff at the IWP.

RESPONSE:

Defendant objects to this request on the grounds that the information being sought is irrelevant under Federal Rule of Civil Procedure 26, as the claims asserted in the present action relate to alleged actions or omissions that occurred in the past and do not relate to the manner in which Corizon and/or its employees and/or independent currently operate. Defendant further objects to this request on the grounds that "responsible" is vague and ambiguous and Defendant is uncertain what information is being requested. Defendant further objects on the grounds that "medical staff" is vague and ambiguous and does not specify the particular medical staff to which the request pertains. Please reframe this request, specifying specific dates, and clarify what is meant by "responsible." Please also identify the specific "medical staff" to which the request pertains.

4

10. Admit that Defendant Corizon maintains records for all IWP medical staff including: licenses (State and Federal), continuing education (informal and formal training), directives, reports (monthly, quarterly and annually), Health Services Manual, medical equipment certification, staffing procedures, and work schedules.

**RESPONSE:**

**Defendant objects to this request on the grounds that it is overly broad and not reasonably calculated to the discovery of admissible evidence. Defendant further objects to this request on the grounds that "all IWP medical staff" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant further objects to this request on the grounds that the information being sought is irrelevant under Federal Rule of Civil Procedure 26, as the claims asserted in the present action relate to alleged actions or omissions that occurred in the past and do not relate to the manner in which Corizon currently operates.**

11. Admit that the HSA reports to the Regional Medical Director.

**RESPONSE:**

**Defendant objects to this request on the grounds that "reports" if vague and ambiguous and Defendant is uncertain what is being requested. Defendant further objects to this request in that it is generally vague and ambiguous and does not specify the particular HSA or Regional Medical Director to which the request pertains, and does not specify dates to which the request pertains. Defendant further objects to this request on the grounds that the information being sought is irrelevant under Federal Rule of Civil Procedure 26, as the claims asserted in the present action relate to alleged actions or omissions that occurred in the past and do not relate to the manner in which Corizon currently operates.**

12. Admit that at all pertinent times herein the Health Service Administrator did not supervise the Defendant Tanner during his medical assessments and treatments at IWP.

RESPONSE:

    Defendant objects to this request on the grounds that "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant further objects to this request on the grounds that "supervise" is vague and ambiguous and it is uncertain what information is being requested. Defendant further objects to this request on the grounds that the request is generally vague and ambiguous in that it does not specify the particular "medical assessments and treatments" to which the request pertains. Please identify the date range to which this request pertains, specify what is meant by the term "supervise," and specify the particular "medical assessments and treatments" to which the request pertains.

13.    Admit that Julie Murphy was the Health Service Administrator at the time of Defendant Tanner's employment at IWP, at all pertinent times herein.

RESPONSE:

    Defendant objects to this request on the grounds that "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant further objects to this request on the grounds that it is a compound question that does not separately state the specific matters requested to be admitted in that it relates to two separately stated time periods: (1) the time of Defendant Tanner's employment at IWP" and "at all pertinent times herein," which, as stated above, is also vague and ambiguous. Please identify the date range to which this request pertains and separately state each specific matter being requested to be admitted.

14.    Admit that Michael Mitcheff was the Regional Director at the time of Defendant Tanner's employment at IWP, at all pertinent times herein.

RESPONSE:

    Defendant objects to this request on the grounds that "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant further objects to this request on the grounds that it is a compound question in that it relates to two separately stated time periods: (1) "the time of Defendant Tanner's employment at IWP" and "at all pertinent times herein," which, as stated above, is also vague and

ambiguous. Please identify the date range to which this request pertains and separately state each specific matter being requested to be admitted.

15. Admit that Vance Raham was the Assistant Regional Medical Director at the time of Defendant Tanner's employment at IWP, at all pertinent times herein.

RESPONSE:

Defendant objects to this request on the grounds that "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant further objects to this request on the grounds that it is a compound question in that it relates to two separately stated time periods: (1) the time of "Defendant Tanner's employment at IWP"; and (2) "at all pertinent times herein," which, as stated above, is also vague and ambiguous. Please identify the date range to which this request pertains and separately state each specific matter being requested to be admitted.

16. Admit that Becky Pinney was the Chief Nursing Officer at the time of Defendant Tanner and the medical staff's employment at the IWP, at all pertinent times herein.

RESPONSE:

Defendant objects to this request on the grounds that "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant further objects to the request on the grounds that "medical staff" is vague and ambiguous and does not specify the particular medical staff to whom the request pertains. Defendant further objects to this request on the grounds that it is a compound question in that it relates to potentially three or more separately stated time periods: (1) the time of "Defendant Tanner's employment at IWP"; (2) the time of the "medical staff's employment at the IWP" (assuming that all medical staff were employed for the same period of time; and (3) "at all pertinent times herein," which, as stated above, is also vague and ambiguous. Please identify the date range to which this request pertains, identify the specific medical staff to whom the request pertains, and separately state each specific matter being requested to be admitted.

17. Admit that Dennis Wade was the Senior Vice-President, Chief Human Resources (CHRO) at the time of Defendant Tanner and the medical staff's employment at the IWP, at all pertinent times herein.

**RESPONSE:**

**Defendant objects to this request on the grounds that "at all pertinent times herein" is vague and ambiguous and does not contain enough information to reasonably allow Defendant to either admit or deny the request. Defendant further objects to the request on the grounds that "medical staff" is vague and ambiguous and does not specify the particular medical staff to whom the request pertains. Defendant further objects to this request on the grounds that it is a compound question in that it relates to potentially three or more separately stated time periods: (1) the time of "Defendant Tanner's employment at IWP"; (2) the time of the "medical staff's employment at the IWP" (assuming that all medical staff were employed for the same period of time; and (3) "at all pertinent times herein," which, as stated above, is also vague and ambiguous. Please specify the date range to which this request pertains, identify the specific medical staff to whom the request pertains, and separately state each specific matter being requested to be admitted.**

18. Defendant Tanner admits to not increasing the Plaintiff's liquids as recommended by Dr. Mateos prior to her entering the Indiana Women's Prison.

**RESPONSE:**

**This request for admission is not directed to Defendant Corizon, Inc., but rather seeks an admission from Defendant Tanner and, therefore, does not require a response from Defendant Corizon, Inc. Subject to and notwithstanding same objection, Defendant denies Request number 18 in the manner and form alleged.**

19. Admit that Defendant Tanner did not physically see the Plaintiff until October 5, 2010 to perform an exam.

**RESPONSE:**

**Defendant objects to this request on the grounds that it is a compound request and**

8

fails to separately state each matter being requested to be admitted in violation of Federal Rule of Civil Procedure 36(a)(2). For instance, the request first seeks an admission that Dr. Tanner did not physically see Plaintiff until October 5, and then seeks an admission that Dr. Tanner did not perform an examination until October 5. Please separately state each matter being requested to be admitted as required by Federal Rule of Civil Procedure 36(a)(2). Please separately state each specific matter being requested to be admitted.

20. Admit that Defendant Tanner failed to inform Wishard Hospital about the past pregnancies and complications of the Plaintiff when an OB/GYN visit was scheduled for her

RESPONSE:

Defendant objects to this request on the grounds that it does not specify a date on which Dr. Tanner allegedly failed to inform Wishard Hospital, and does not specify a date on which an OB/GYN visit was allegedly scheduled for Plaintiff. Defendant further objects to this request on the grounds that "past pregnancies and complications" is vague and ambiguous and it is uncertain what information the request alleges Dr. Tanner failed to inform Wishard Hospital of. Please provide the dates to which this request pertains and also specify the precise "past pregnancies and complications" the request is referring to.

21. Admit Defendant Tanner was the co-worker of Dr. Hinchman.

RESPONSE:

Defendant objects to this request on the grounds that "co-worker" is vague and ambiguous and it is uncertain what is being requested to be admitted. Subject to and notwithstanding same objections, Defendant admits that Defendant Tanner worked at the same facility as Dr. Hinchman.

## ALTERNATIVE INTERROGATORY

1. For the foregoing Requests for Admissions, if any Response was anything other than an unequivocal or unqualified admission, state for each such response each fact, document, and/or witness upon which you rely as a basis for your response.

ANSWER:

Not applicable at this point in time.

Respectfully submitted,

/s/ Anthony D. Pignotti

Anthony D. Pignotti (P30803-76)
Foley, Baron, Metzger & Juip, PLLC
Attorneys for Defendants, Corizon,
Inc. f/k/a Correctional Medical
Services, Inc. and Richard Tanner,
M.D.
38777 Six Mile Road, Suite 300
Livonia, MI 48152
(734) 742-1800 / Fax (734) 52-2379

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2013, a true and complete copy of the foregoing document was served upon all attorneys of record at their respective addresses as listed via U.S. Mail, with sufficient postage attached.

Brent Welke
Welke Law Firm
P.O. Box 55058
Indianapolis, IN 46205

Anthony D. Pignotti