UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GRETCHEN HARBISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:12-cv-01623-WTL-MJD |
| RICHARD TANNER, ) | |
| CORIZON, INC., ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO DISMISS**

This matter comes before the Court on Defendants Corizon, Inc. f/k/a Correctional Medical Services, Inc. and Richard Tanner's ("Defendants") Motion to Dismiss or to Stay Action .[1]  [Dkt. 41.]  For the following reasons, the Court **GRANTS** in part and **DENIES** in part Defendants' motion.

## I. Background

This matter involves claims brought by Gretchen Harbison ("Plaintiff") alleging medical malpractice, negligent hiring, negligent infliction of emotional distress, and deliberate indifference to Plaintiff's medical condition and medical needs.  [Dkt. 1.]  On August 2, 2010, while incarcerated at the Greene County Jail in Bloomfield, Indiana, Plaintiff produced a positive pregnancy test.  [Dkt. 46 at 3.]  The obstetrician noted Plaintiff's history of preeclampsia with all four of her previous pregnancies, and advised Plaintiff of dietary restrictions that would help keep her blood pressure down.  [*Id.*]  In September of 2010, Plaintiff was transferred to the

---

[1] The parties consented to the Magistrate Judge for the limited purpose of ruling on Defendants' Motion to Dismiss or to Stay Action, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  [Dkt. 44.]

Indiana Women's Prison, and on October 5, 2010, Defendant Tanner noted Plaintiff's care at the county jail, ordered that she be scheduled with the OB clinic, but did not conduct further testing or exams. [*Id.* at 3-4.] On October 20, 2010, a complete consultation with a prison nurse practitioner was conducted, and Plaintiff's medical record noted that she was set for prenatal care at Wishard Memorial Hospital's OB clinic. [*Id.* at 4.] By November 8, 2010, Plaintiff was nearing the end of her second trimester and requested medical assistance because she had not felt her baby move for three days. [*Id.* at 4-5.] Testing at Wishard Memorial Hospital that day confirmed symptoms of eclampsia, and Plaintiff gave birth to a stillborn infant later the same day. [*Id.* at 5.]

Plaintiff claims that Defendant Tanner's failure to test her urine during her October 5, 2010 medical examination and failure to perform other treatments throughout her pregnancy was medical malpractice and, given her history of preeclampsia, displayed a deliberate indifference to her medical needs. [*Id.*] Plaintiff filed her complaint against Defendants Tanner and Corizon[2] on November 5, 2012 in federal court based on her federal section 1983 civil rights claims. [Dkt. 1.] On September 10, 2013, Defendants filed their motion to dismiss based, in part, on the alleged insufficiency of Plaintiff's section 1983 claims and the fact that the would-be remaining claims are state-law based and should then be resolved in state court. [Dkt. 41.] The Court now considers these arguments.

## II. Discussion

The jurisdiction of the federal courts is limited both by statute and by the United States Constitution. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004). In order to hear and rule on the merits of a case, a

---

[2] Plaintiff filed her suit against Correctional Medical Services as well, but Correctional Medical Services, Inc. is now known as Corizon, Inc. In other words, the two are actually the same entity and will be referred to only as "Corizon."

federal court must have subject-matter jurisdiction over the issues. *Kromrey v. U.S. Dep't of Justice*, 423 F. App'x 624, 626 (7th Cir. 2011). When it becomes clear to the court that it does not have jurisdiction over the case, it must dismiss the case. *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992).

### A. Defendants' Rule 12(b)(6) Motion to Dismiss

Defendants first move to dismiss Plaintiff's section 1983 claims pursuant to Rule 12(b)(6), asserting that Plaintiffs have failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Fairly recently, the US Supreme Court decided two cases that heightened the requirements of what it means to make a well-pleaded complaint: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). First, *Twombly* held that, although a complaint's factual allegations need not be "detailed," a plaintiff's grounds for relief require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; a claim must be plausible "on its face." 550 U.S. at 555, 570. The Supreme Court clarified this holding in *Iqbal*: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Upon deciding a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded allegations of a complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005).

The section 1983 claims at issue allege that the Defendants "showed deliberate indifference to the medical needs of Plaintiff and child," which violated Plaintiff's civil rights under 42 U.S.C. § 1983. A plaintiff cannot successfully bring a section 1983 claim against a governmental entity merely because the entity employed a tortfeasor; the plaintiff must "identify

a . . . 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997).  Although not a governmental entity, a private corporation that acts under color of state law, as if it were a governmental entity itself, can be found liable under section 1983.  *Woodward v. Corr. Med. Serv. Of Ill.*, 368 F.3d 917, 927 n.1 (7th Cir. 2004).

Here, Defendants contend that Plaintiff failed to plead that there was a policy or custom at Defendant Corizon that caused her injury.  [*Id.* at 8-9.]  In response, Plaintiff does not argue that the Complaint includes any allegations of such a policy or custom, nor does the Court find any such assertion within Plaintiff's Complaint.  [*See* Dkt. 1, Dkt. 46.]  Although a court must accept all well-pleaded facts as true and make all reasonable inferences in favor of the plaintiff, the complete lack of allegations of a necessary element does not meet the standard imposed by *Twombly* and *Iqbal*.  Accordingly, Plaintiff's section 1983 claim against Defendant Corizon is not facially plausible, and it is dismissed.

A section 1983 claim against an individual who acts under color of law, however, does not have the same policy or custom element.  To survive a motion to dismiss, a deliberate indifference claim must plead "both an objectively serious risk of harm and a subjectively culpable state of mind."  *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).  The objective element requires "a medical condition that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention."  *Id.* (quotations omitted).  The subjective element requires that the defendant "knew of a substantial risk of harm to the inmate and disregarded the risk."  *Id.* (quotations omitted).

In this matter, Plaintiff has met the pleading requirements in order for her section 1983 claim against Defendant Tanner to survive Defendants' Rule 12(b)(6) motion.  Although no

preeclampsia had yet been diagnosed with regard to the pregnancy in question as a result of her medical history, Plaintiff's very pregnancy put her in a condition in which "a reasonable doctor or patient would find important and worthy of comment or treatment." *Doe v. Gustavus*, 294 F. Supp. 2d 1003, 1008 (E.D. Wis. 2003) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Thus, Plaintiff sufficiently pleaded the objective element of her section 1983 claim against Defendant Tanner. As for the subjective element, Plaintiff's Complaint clearly asserts that Defendant "Tanner failed to treat her pregnancy with any urgency despite having actual and constructive notice that Plaintiff had had four (4) complicated and problem deliveries in her past, these being all of her prior pregnancies." [Dkt. 1 at 4.] This is sufficient to plead that Defendant knew of a substantial harm and disregarded the risk, so Plaintiff's section 1983 claim against Defendant Tanner survives Defendants' motion to dismiss. Accordingly, Defendants' 12(b)(6) motion to dismiss is **granted** in part and **denied** in part.

### B. *Defendants' 12(b)(1) Motion to Dismiss Plaintiff's Remaining Claims*

In the event that Plaintiff's section 1983 claims are dismissed, Defendants argue that the Court should dismiss the remaining state claims. [Dkt. 42 at 9-10.] Rule 12 permits a party to assert lack of subject-matter jurisdiction in defense of the claim against it. Fed. R. Civ. P. 12(b)(1). Plaintiff does not assert diversity jurisdiction, arriving in federal court on the basis of her federal claims. [Dkt. 1.] Although the Court does not have original jurisdiction over each of Plaintiff's claims, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, the court "may" dismiss the remaining state claims against a party when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Defendants fall shy of meeting the requirements of their 12(b)(1) motion to dismiss. Although a claim within such original jurisdiction (Plaintiff's section 1983 claim against Corizon) must be dismissed, Plaintiff's section 1983 claim against Defendant Tanner remains. Section 1367(a) clearly states that a district court "shall" have jurisdiction over claims that "form part of the same case or controversy." This is not limited to claims against one defendant as separate from claims against another. Therefore, the fact that Plaintiff's section 1983 claim against Defendant Corizon is dismissed has no effect on the Court's supplemental jurisdiction over Plaintiff's state-law claims, against Defendant Tanner *or* Defendant Corizon. Accordingly, Defendants' 12(b)(1) motion to dismiss is **denied**.

### C. Indiana's Medical Malpractice Act

Defendants next argue to dismiss Plaintiff's medical malpractice claim against Defendant Tanner pursuant to Indiana's Medical Malpractice Act (MMA). [Dkt. 42 at 9-14.] The MMA requires a medical review panel to issue an opinion on a claim of medical malpractice against a qualified health care provider before it can be pursued in court. *Med. Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 374 (7th Cir. 2010) (citing to Ind. Code § 34-18-8-4). Notwithstanding this requirement, however, a plaintiff may "commence" an action for malpractice *while* the medical review panel considers the proposed complaint, so long as (1) the complaint filed does not contain information that identifies the defendant, (2) the plaintiff does not pursue the action, and (3) the court takes no action aside from setting a date for trial and other limited exceptions. Ind. Code § 34-18-8-7.

Whether a claim falls under the MMA is not a question of form, but one of substance. *Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 185 (Ind. 2011). Regardless of the name given to the claim by the plaintiff, a claim that essentially asks "whether a given course of

treatment was medically proper and within the appropriate standard" falls under the MMA. *Id.* When a plaintiff files such a claim in court without first submitting the proposed complaint to the medical review panel, the proper recourse is to dismiss the claims without prejudice. *See Popovich v. Danielson*, 896 N.E.2d 1196 (Ind. Ct. App. 2008) (finding that the trial court properly dismissed plaintiff's claims of assault and battery, defamation, and breach of contract because they each fell within the purview of the MMA).

In addition to her previously-discussed civil rights claim, Plaintiff brings claims of medical malpractice and negligent infliction of emotional distress against Defendant Tanner. [Dkt. 1.] While the medical malpractice claim clearly falls under the MMA, the negligent infliction of emotional distress claim calls the Court to evaluate whether Defendant Tanner failed to "do minimal medical standards under the circumstances." [Dkt. 1 at 8.] Although not labeled medical malpractice, this claim, much like the claims addressed in *Popovich*, requires the Court to determine "whether a given course of treatment was medically proper and within the appropriate standard," as seen in *Gordon*. Thus, both state law claims against Defendant Tanner fall under the purview of the MMA.[3]

In response to Defendants' motion to dismiss the medical malpractice claims, Plaintiff makes several arguments. First, Plaintiff asserts that her negligence claims were not filed pursuant to the MMA, but pursuant to "the Federal Civil Rights Statute." [Dkt. 46 at 12.] This argument is nonsensical—a section 1983 claim is not a vehicle for bringing a common law claim of negligence, as the two are completely distinct causes of action. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) ("deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts"). As previously discussed, a plaintiff's failure

---

[3] Conversely, Plaintiff's section 1983 claim against Defendant Tanner explicitly does not fall under the purview of the MMA, as a section 1983 claim of deliberate indifference is fundamentally distinct from a medical malpractice claim. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

to identify its claims as falling under the MMA does not absolve them of the statute's applicability. The fact that Plaintiff was not aware that pleading negligent medical malpractice would subject her to the requirements of the MMA is not relevant; Plaintiff pleaded medical malpractice, and the MMA applies.

Plaintiff additionally asserts that Defendants' argument "ignores the effect of federalism," noting that "Jim Crow is now a cheap whiskey."[4] [Dkt. 46 at 13.] The Court finds Plaintiff's take on federalism fatuous. What Plaintiff presents as a valid argument is, in actuality, an off-base theory that likens Defendants' motion to a potential effect that Jim-Crow-like laws might have had. Plaintiff admits that, historically, said potential effect "didn't happen," and any assertion that a dismissal of Plaintiff's claim would somehow trigger that effect will not be taken seriously by the Court.

Lastly, Plaintiff argues that the "court" referred to by the MMA is limited to Indiana state courts. [Dkt. 46 at 13.] Plaintiff makes this claim without citing to any legal authority, instead relying on her own logic that "[the MMA] must mean state court or any state could authorize any action they wanted in Federal Court whether authorized by Congress or not." [*Id.*] Again, this argument is unfounded. The Court reiterates that a district court's jurisdiction is limited, and only a case with subject-matter jurisdiction can be heard. *Kromrey v. U.S. Dep't of Justice*, 423 F. App'x 624, 626 (7th Cir. 2011). However, where the requirements for diversity jurisdiction, for example, are met, a court has subject-matter jurisdiction over the claims, and the court applies substantive state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, by codifying the requirements for diversity jurisdiction in 28 U.S.C. § 1332, Congress has, in fact,

---

[4] The Court feels compelled to inform the Plaintiff that Jim Crow is, in fact, *not* a cheap whiskey, nor is it a whiskey at all. Much like her federalism argument itself, Plaintiff combines two distinct facts and one opinion, erroneously presenting their combination as truth. **Jim** Beam is a bourbon whiskey. Old **Crow** is a bourbon whiskey. Beam Inc. manufactures both. Cheap is relative.

authorized a situation in which the "court" referred to in the MMA could be a federal court.

In this matter, Plaintiff's state court claims are before this Court through the Court's supplemental jurisdiction, as the state law claims are so related to the section 1983 claims that "they form part of the same case or controversy." 28 U.S.C. § 1367(a).  Accordingly, the Court is bound by the substantive law of the MMA. *Erie*, 304 U.S. at 78.  Because both state law claims against Defendant Tanner are subject to the authority of the MMA, both Plaintiff's medical malpractice claim and Plaintiff's negligent infliction of emotion distress claim against Defendant Tanner must be dismissed, and Defendants' motion is **granted** to that extent. Defendants' argument in the alternative, to stay the case pending an opinion from the medical review panel [dkt. 42 at 12-14], is therefore **denied** as moot.

### III.  Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss [dkt. 41] is **GRANTED** in part and **DENIED** in part.  In summary, Plaintiff's section 1983 claim against Defendant Corizon is dismissed, as are Plaintiff's state-law claims of medical malpractice and negligent infliction of emotional distress against Defendant Tanner.  This Court retains original jurisdiction over Plaintiff's section 1983 claim against Defendant Tanner and supplemental jurisdiction over Plaintiff's state-law claims against Defendant Corizon, pursuant to 28 U.S.C. § 1367(a). Although the deadline for a party to move to amend the pleadings has passed, the Court grants the Plaintiff fourteen (14) days to amend her Complaint, if she so chooses, in order to rectify any failure addressed herein that might be corrected by such an amendment.

Date:  11/07/2013

Distribution:

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Nicholas Nahorski
FOLEY BARON METZGER & JUIP, PLLC
nnahorski@fbmjlaw.com

Anthony D. Pignotti
FOLEY BARON METZGER JUIP PLLC
apignotti@fbmjlaw.com

Randall A. Juip
FOLEY BARON METZGER JUIP PLLC
rajuip@fbmjlaw.com

Brent Welke
WELKE LAW FIRM
brentwelke@att.net